**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ELMWOOD VENTURES LLC,<br>dba BUDDA BAR NEW YORK,<br><br>Debtor. | **NOT FOR PUBLICATION**<br><br>Case No. 25-10932 (MG) |

**MEMORANDUM OPINION AND ORDER DENYING DEBTORS' MOTION TO DISMISS CASE AND GRANTING SBA's CROSS-MOTION TO CONVERT CASE TO CASE UNDER CHAPTER 7**

*A P P E A R A N C E S:*

MORRISON TENENBAUM PLLC
*Attorneys for the Debtor*
87 Walker Street, Floor 2
New York, New York 10013
By:    Lawrence F. Morrison, Esq.
       Brian J. Hufnagel, Esq.

JAY CLAYTON
*United States Attorney for the*
*Southern District of New York for the SBA*
86 Chambers Street, 3rd Floor
New York, New York 10007
By:    Carly Weinreb, Esq.,
       Assistant United States Attorney

**MARTIN GLENN**
**CHIEF UNITED STATES BANKYRUPTCY JUDGE**

Pending before the Court is the above-captioned debtor's ("Debtor") motion to dismiss ("MTD," ECF Doc. # 41) this Chapter 11 case. The Small Business Administration ("SBA"), represented by the U.S. Attorney, filed an objection ("Objection," ECF Doc. # 43) and cross-moves to convert the case from Chapter 11 to Chapter 7. The Debtor has not filed a reply.

For the following reasons, the Court denies the motion to dismiss and instead grants the cross-motion to convert the case to a case under Chapter 7.

## I. BACKGROUND

### A. Background

On or about September 8, 2020, the Debtor executed a Note and other loan documents further to a COVID-19 Economic Injury Disaster Loan ("EIDL") from the SBA in the principal amount of $150,000.00, which accrues interest at 3.75% per annum with a 30-year repayment term. The EIDL program provides a 30-month payment deferment period from the date of the original note, during which time interest accrues. (Objection ¶ 3.)

On May 6, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code as a small business debtor under Subchapter V of the Bankruptcy Code. (MTD ¶ 1.) Salvatore LaMonica was appointed the subchapter V trustee. (*Id.* ¶ 3.) The Debtor sought immediate relief because of significant back rent owed to its landlord, as well as debts owed to general creditors. (*Id.* ¶ 3.)

On June 3, 2025, the SBA filed a proof of claim arising from Debtor's failure to repay the EIDL. SBA Proof of Claim No. 6 ("SBA Claim"). (Objection ¶ 4.) The SBA Claim contains a secured claim in the of $160,832.24, consisting of $150,000.00 in principal and $10,832.24 in interest as of the Petition Date. (*Id.*)

The Debtor's s income and profit post-petition has been less than expected and the Debtor no longer believes it will be able to confirm a plan of reorganization as anticipated. (MTD ¶ 5.)

### B. Arguments

The Debtor seeks dismissal rather than conversion so that the business can stay in operation for its employees, while it winds down operations. (*Id.* ¶ 6.) The Debtor also claims that it does not have significant assets that could be liquidated by a chapter 7 trustee. (*Id.* ¶ 11.)

While the Debtor seeks to dismiss the case, the SBA seeks to convert it because it believes conversion is in the best interests of creditors.  (Objection at 1.)  The SBA points to Debtor's list of significant assets on its filed schedules that, the SBA claims, could be liquidated by a Chapter 7 trustee for the benefit of creditors, including bank accounts containing funds totaling approximately $34,923.69, food and liquor inventory totaling approximately $72,000, furniture and leasehold improvements totaling approximately $5,991,793, machinery and equipment totaling approximately $231,865, and a 16-foot glass Buddha statue valued at approximately $135,000.  (*Id.* ¶ 12.)  (The food and liquor inventory has presumably changed in value since the schedules were filed.)  According to the SBA, a sale of the Buddha statue, to which SBA's lien attaches (again according to the SBA), would provide enough funds to cover approximately 90% of the SBA's secured claims.  (*Id.*)  The SBA claims that an orderly liquidation under the supervision of a Chapter 7 trustee would provide an opportunity for negotiated sales of these assets at better prices than might be obtainable outside of bankruptcy.  (*Id.*)  Moreover, since the business is not viable, liquidation is inevitable and conversion to a case under Chapter 7 would not harm the estate.  (*Id.* ¶ 13.)  The SBA argues that the Debtor's stated reason for dismissal—so that the business can stay in operation for its employees—"only delays the inevitable and inappropriately benefits Debtor's employees at the expense of creditors by permitting Debtor to drain its bank accounts and diminish the value of its collateral indefinitely."  (*Id.*)

## II.    LEGAL STANDARD

Under Bankruptcy Code § 1112(b), a court can dismiss a Chapter 11 case or convert it to case under Chapter 7 "for cause" so long as it is in the best interests of both the creditors and the estate.  7 COLLIER ON BANKRUPTCY ¶ 1112.04 (16th ed. 2009).  Subsection (b)(4) contains sixteen examples of events that may constitute cause, including, as relevant here, "substantial or

3

continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." This list is "not exhaustive" and courts are free to consider other factors. *See, e.g., In re Ameribuild Const. Mgt., Inc.*, 399 B.R. 129, 131 n. 3 (Bankr.S.D.N.Y.2009) (citing legislative history). Courts may only grant motions under section 1112(b) after notice and a hearing.

The moving party has the burden of demonstrating cause for dismissal. *In re Loco Realty Corp.*, No. 09–11785(AJG), 2009 WL 2883050, at *2 (Bankr. S.D.N.Y. June 25, 2009). Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under section 1112(b). *In re Kholyavka*, No. 08–10653DWS, 2008 WL 3887653, at *5 (Bankr. E.D. Pa. Aug.20, 2008) (quoting H. Rep. 595, 95th Cong., 1st Sess. 405 (1977)).

Once a party establishes cause, a court must examine whether dismissal or conversion of a case to case under Chapter 7 is in the best interests of the creditors and the estate. 7 COLLIER ON BANKRUPTCY ¶ 1112.04[6]. Courts have looked to multiple factors to determine which action is in the best interest of the creditors and the estate. Collier identifies ten such factors:

> (1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.
> (2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.
> (3) Whether the debtor would simply file a further case upon dismissal.
> (4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.
> (5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.
> (6) Whether any remaining issues would be better resolved outside the bankruptcy forum.
> (7) Whether the estate consists of a "single asset."
> (8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.
> (9) Whether a plan has been confirmed and whether any property remains in the estate to be administered.
> (10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

4

*Id.*

### III.    DISCUSSION

The Debtor has submitted, and no party has contested, that it will not be able to rehabilitate its business and that it is experiencing continual losses to its estate. This establishes cause under section 1112(b)(4)(A) of the Code. "Absent a showing of 'unusual circumstances,' if the movant establishes that 'cause' exists to convert the case, it is the Court's obligation to dismiss or convert a Chapter 11 case." *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 640 (Bankr. E.D.N.Y. 2008). No party has tried to show unusual circumstances here, so the Court is obligated to either dismiss or convert this Chapter 11 case to a case under Chapter 7.

Conversion, rather than dismissal, is the best approach in this case, since the Debtor "has potentially valuable assets to administer in the estate." *See In re Jensen*, 425 B.R. 105, 111 (Bankr. S.D.N.Y. 2010). The Debtor' schedules indeed reflect the assets the SBA lists above. (ECF Doc. # 27.) Moreover, an orderly liquidation, rather than a rush to the courthouse—which would be the result with dismissal—would best be accomplished by converting the case to a case under Chapter 7. *In re Greene*, 57 B.R. 272, 278 (Bankr. S.D.N.Y. 1986) ("An orderly liquidation under Chapter 7 would provide an opportunity for a negotiated sale at a better price than might be obtainable at foreclosure and would allow for an orderly distribution of the proceeds of sale.").

### IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** the MTD and **GRANTS** the cross-motion to convert the case to case under Chapter 7.

5

**IT IS SO ORDERED.**

Dated:   September 10, 2025
         New York, New York

*Martin Glenn*
_____
MARTIN GLENN
Chief United States Bankruptcy Judge